## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No 18 B 986 |
| Monica Cross, | Judge Schmetterer |
| | Chapter 13 |
| Debtor. | Trustee- Tom Vaughn |
| Monica Cross, | |
| Plaintiff, | Adversary Proceeding |
| vs. | No    18 A |
| City of Chicago, and CarMax Business Solutions | |
| Defendants. | |

### COMPLAINT BY DEBTOR FOR DETERMINATION OF PRIORITY OF LIENS, TURNOVER OF PROPERTY AND FOR DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

### Preliminary Statement

1.  This is a complaint for turnover of property of the debtor's estate, determination of lien priority and other relief pursuant to 11 U.S.C. § 542 and F.R.Bankr.P 7001.

### Jurisdiction and Venue

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case, *In re Cross*, 18 B 986, filed on January 12, 2018, and presently pending before this Court.

3.  Debtor consents to entry of final orders or judgment by the bankruptcy court.

4.  Venue is proper in this district under 28 U.S.C. § 1409(a).

## Parties

5.  Monica Cross, the plaintiff (also referred to herein as "Debtor"), is an individual who resides in Cook County, Illinois.

6.  Defendant, the City of Chicago (also referred to herein as "City"), is a municipal corporation in Cook County, Illinois.

7.  Defendant, CarMax Business Solutions, (also referred to herein as "CarMax"), is a foreign corporation qualified to do business in Illinois.

## Statement of Facts

8.  CarMax has a purchase money security interest ("PMSI") in a 2009 Cadillac SRX automobile, VIN 1GYEE437290114693 ("the vehicle") owned by the Debtor.

9.  In or around January, 2018, prior to the filing of this case, the City seized the vehicle for unpaid parking tickets.

10. Debtor filed this case on January 12, 2018.

11. On January 31, 2018 this Court granted Debtor's Motion to Impose Automatic Stay and the stay was imposed upon all creditors.

12. In her pleadings, Debtor has valued the car at $6,000. *See* Doc #33.

13. In her pleadings, Debtor has claimed an exemption in the vehicle of $2,400. *Id.*

14.   CarMax has filed a claim for $27,340.88. CarMax has valued the vehicle as worth $9,425. *See* Claim #1. CarMax has attached proof of perfection of a PMSI in the vehicle.

15.   CarMax's interest exceeds the market value of the automobile.

16.    The City has filed a secured claim initially in the amount of $5,099.90, but has amended its claim to $4459.90. *See* Claim #3-1 and 3-2.

17.    After the Court imposed the automatic stay, Debtor, both pro se and through counsel, requested that the City turnover the vehicle to Debtor, but the City refuses to do so asserting that it has a possessory lien on the Debtor's car which has priority over CarMax's lien.   The City further "requires that its secured claim be paid in full in regular monthly payments over the life of the plan.   If the plan so provides, the City will release the debtor's vehicle upon plan confirmation." *See* Exhibit A, e-mail correspondence dated April 17, 2018.

18. Once Debtor notified the City that the stay had been imposed the City was required to turn over property of the estate, pursuant to 11 U.S.C. § 542.

19. As this case was filed under Chapter 13, and under 11 U.S.C. § 1306, Debtor is entitled to possession of all property of the estate, and the City was required to turn over the vehicle to Debtor.

20. There is currently insurance in force on the vehicle, with CarMax named as loss payee, so CarMax is adequately protected.

21. Since debtor purchased the vehicle more than 910 days before this case was filed, Debtor has proposed to pay CarMax the value of the vehicle and treat the balance of its claim as an unsecured debt.   *See* the "hanging paragraph" following 11 U.S.C. § 1325(a)(9).

22. Debtor's Modified Chapter 13 Plan, dated April 9, 2018, provides for payment to

–3–

Car Max of $6,000, in fixed monthly payments of $209.52. *See* Doc 35.

## COUNT I

23. There is a dispute regarding the priority of CarMax's lien and any City of Chicago lien in the vehicle.

24. Pursuant to Rule 7001(2), an adversary proceeding is the correct procedure to determine the validity and extent of liens.

25. The PMSI of CarMax has priority over the City of Chicago's lien.

26. Since CarMax's claim exceeds the value of the vehicle, the City has no secured interest in Debtor's vehicle.

WHEREFORE, plaintiff-debtor prays that the Court:

a.      Find that the lien of CarMax is superior to the City and that the City has no lien in the vehicle;

b.      Order defendant, City of Chicago, to turn over the vehicle to Debtor, *forthwith;*

c.      Find that defendant, City of Chicago, is in violation of its duty under 11 U.S.C. § 542 to turn over property of the estate;

d.      grant such other, further and different relief as may be just and proper.

## COUNT II (Violation of Automatic Stay)

27.   This count is brought pursuant to 11 USC § 362.

28.   Debtor's plan provides for monthly payments based on the value of the vehicle

–4–

to the creditor she believes has the superior lien.

29.   Even if the City's lien is superior to that of CarMax, the total amount Debtor

needs to pay on account of the lien(s) on her vehicle will not change.

30. Debtor works as a substitute teacher/day care provider and needs the vehicle to

get to her temporary assignments.

31. Since the City seized the vehicle Debtor has been unable to accept any new work

assignments.

WHEREFORE, plaintiff-debtor prays that the Court:

a.      Award damages against the City of Chicago for the period of time

during which it has impermissibly refused to return Debtor's vehicle;

b.      Award attorney fees and costs; and

c.      grant such other, further and different relief as may be just and

proper.

Respectfully submitted,

/s/ *James A. Brady*
One of the Attorneys for Debtor-plaintiff

James A. Brady, ARDC # 6206623
LAF
Attorney for Debtor
120 S. LaSalle Street, Suite 900
Chicago, Illinois 60603
(312) 347-8361
jbrady@lafchicago.org

**James A. Brady**

| | |
|---|---|
| **From:** | Chuck King <Chuck.King@cityofchicago.org> |
| **Sent:** | Tuesday, April 17, 2018 5:19 PM |
| **To:** | James A. Brady |
| **Cc:** | David Lipschutz |
| **Subject:** | In re Cross, 18-0986 |

Mr. Brady,

Dave Holtkamp asked me to respond to your inquiry regarding release of your client Monica Cross' car.

The City has a possessory lien on your client's car, which has priority over the finance company's lien. The City is thus not required to release the car due to the filing of the bankruptcy case. See *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill. 2017). Also, because the City has a first-priority lien, its claim must be dealt with in accordance with Section 1325(a)(5)(B) of the Bankruptcy Code, which requires that, under the plan, the City retain its lien until either discharge or payment in full of the underlying debt.

However, the City has established a procedure for release of cars to bankruptcy debtors. As a condition for release, the City requires that its secured claim be paid in full in regular monthly payments over the life of the plan. If the plan so provides, the City will release the debtor's vehicle upon plan confirmation.

In this case, the City has filed a secured claim for $5,099.90. Although the present plan does not deal with this debt, it does appear that if the plan term is extended, your client could pay off both the City and her car lender within the allowed time.

If you wish to take advantage of this program, please amend your plan to include payment in full of the City's secured claim in section 3.2 of the plan. And, please work with David Lipschutz (copied on this e-mail) to arrange for the release upon confirmation of the plan. We strongly recommend that you consult with David before confirmation to ensure that everything is okay for release.

If you have any questions, do not hesitate to contact us.

Chuck King
Assistant Corporation Counsel
Chicago Department of Law
312-742-0019

---

**From:** James A. Brady [mailto:jbrady@lafchicago.org]
**Sent:** Tuesday, April 17, 2018 3:41 PM
**To:** David Holtkamp
**Subject:** In re Cross, 18-0986

David,

As you may be aware, we represent the debtor in the above titled matter currently before Judge Schmetterer.

EXHIBIT

*A*

1

We filed amended pleadings and an amended plan April 9, 2018. The City seized Ms. Cross's car prior to her filing of this case.

The matter was continued for confirmation until May 9, 2018.

Because there is a pre-existing purchase money creditor, we would not offer the City a secured lien.

We are requesting the City to release the car.

Please indicate whether the City will agree to release the car now or under what terms the City would release the car to Ms. Cross.

**James A. Brady | Supervisory Attorney**
**Consumer Practice Group**
Phone: 312.347.8361 | Fax: 312.612.1461
120 South LaSalle Street, Ste. 900 | Chicago, IL 60603
www.lafchicago.org

 Equal justice starts here.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.