IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| MONICA CROSS, | ) | Case No. 18-bk-00986 |
| | ) | |
| Debtor. | ) | Judge Schmetterer |
| | ) | |
| MONICA CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 18-ap-00154 |
| | ) | |
| CITY OF CHICAGO and | ) | |
| CARMAX BUSINESS SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO ADVERSARY COMPLAINT

### Preliminary Statement

*1.     This is a complaint for turnover of property of the debtor's estate, determination of lien priority and other relief pursuant to 11 U.S.C. § 542 and F.R.Bankr.P. 7001.*

ANSWER:  The City admits the allegations in Paragraph 1.

### Jurisdiction and Venue

*2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case,* In re Cross*, 18 B 986, filed on January 12, 2018, and presently pending before this court.*

ANSWER:  The City admits the allegations in Paragraph 2.

*3.     Debtor consents to entry of final orders or judgment by the bankruptcy court.*

ANSWER:  The City admits the allegations in Paragraph 3.

*4.     Venue is proper in this district under 28 U.S.C. § 1409(a).*

ANSWER:  The City admits the allegations in Paragraph 4.

Parties

*5.     Monica Cross, the plaintiff (also referred to herein as "Debtor"), is an individual who resides in Cook County, Illinois.*

ANSWER:  The City admits the allegations in Paragraph 5.

*6.     Defendant, the City of Chicago (also referred to herein as "City"), is a municipal corporation in Cook County, Illinois.*

ANSWER:  The City admits the allegations in Paragraph 6.

*7.     Defendant, CarMax Business Solutions, (also referred to herein as "CarMax"), is a foreign corporation qualified to do business in Illinois.*

ANSWER:  The City denies the allegations in paragraph 7.  The City notes that CarMax Business Services, LLC, is a foreign corporation qualified to do business in Illinois.

Statement of Facts

*8.     CarMax has a purchase money security interest ("PMSI") in a 2009 Cadillac SRX automobile, VIN 1GYEE437290114693 ("the vehicle") owned by the Debtor.*

ANSWER:  To the extent "CarMax" refers to "CarMax Business Solutions," the City denies the allegations in paragraph 8.  The City admits that CarMax Business Services, LLC, has a lien on the vehicle title.

*9.     In or around January, 2018, prior to the filing of this case, the City seized the vehicle for unpaid parking tickets.*

2

ANSWER: The City admits that the vehicle was immobilized on December 22, 2017, and impounded thereafter, prior to the filing of this case. To the extent the allegations in Paragraph 9 are consistent with this statement, the City admits those allegations. To the extent the allegations in Paragraph 9 are inconsistent with this statement, the City denies those allegations.

10.   *Debtor filed this case on January 12, 2018.*

ANSWER: The City admits the allegations in Paragraph 10.

11.   *On January 31, 2018, this court granted Debtor's Motion to Impose Automatic Stay and the stay was imposed upon all creditors.*

ANSWER: The City admits the allegations in Paragraph 11.

12.   *In her pleadings, Debtor has valued the car at $6,000. See Doc #33.*

ANSWER: The City admits the allegations in Paragraph 12.

13.   *In her pleadings, Debtor has claimed an exemption in the vehicle of $2,400.* Id.

ANSWER: The City admits the allegations in Paragraph 13.

14.   *CarMax has filed a claim for $27,340.88. CarMax has valued the vehicle as worth $9,425. See Claim #1. CarMax has attached proof of perfection of a PMSI in the vehicle.*

ANSWER: To the extent "CarMax" refers to "CarMax Business Solutions," the City denies the allegations in paragraph 14. The City admits that CarMax Business Services, LLC, has filed a claim for $27,340.88, has valued the vehicle as worth $9,425.00, and has attached proof of perfection of a PMSI in the vehicle.

15.   *CarMax's interest exceeds the market value of the automobile.*

ANSWER: To the extent "CarMax" refers to "CarMax Business Solutions," the City denies the allegations in paragraph 15. The City admits that the interest of CarMax Business Services, LLC, exceeds the market value of the vehicle.

3

*16.     The City has filed a secured claim initially in the amount of $5,099.90, but has amended its claim to $4459.90.  See Claim #3-1 and 3-2.*

ANSWER:  The City admits the allegations in Paragraph 16.

*17.     After the court imposed the automatic stay, Debtor, both pro se and through counsel, requested that the City turnover [sic] the vehicle to Debtor, but the City refuses to do so asserting that it has a possessory lien on the Debtor's car which has priority over CarMax's lien.  The City further "requires that its secured claim be paid in full in regular monthly payments over the life of the plan.  If the plan so provides, the City will release the debtor's vehicle upon plan confirmation."  See Exhibit A, e-mail correspondence dated April 17, 2018.*

ANSWER:  The City denies the allegations in Paragraph 17, and affirmatively states that it has authorized release of the vehicle to the Debtor.

*18.     Once Debtor notified the City that the stay had been imposed the City was required to turn over property of the estate, pursuant to 11 U.S.C. § 542.*

ANSWER:  The City denies the allegations in paragraph 18.

*19.     As this case was filed under Chapter 13, and under 11 U.S.C. § 1306, Debtor is entitled to possession of all property of the estate, and the City was required to turn over the vehicle to Debtor.*

ANSWER:  Paragraph 19 is a sentence fragment which does not appear to make an affirmative statement that can be admitted or denied.  Regarding various components of Paragraph 19, the City admits that this case was filed under Chapter 13.  The City denies that under 11 U.S.C. § 1306, the Debtor was entitled to possession of all property of the estate.  The City denies that it was required to turn the vehicle over to the Debtor.

*20.     There is currently insurance in force on the vehicle, with CarMax named as loss payee, so CarMax is adequately protected.*

4

ANSWER:  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

*21.    Since debtor purchased the vehicle more than 910 days before this case was filed, Debtor has proposed to pay CarMax the value of the vehicle and treat the balance of its claim as an unsecured debt.* See *the "hanging paragraph" following 11 U.S.C. § 1325(a)(9).*

ANSWER:  To the extent "CarMax" refers to "CarMax Business Solutions," the City denies the allegations in paragraph 21.  The City admits that the Debtor has proposed to pay "CarMax Auto Finance" (an existing corporation, but not the holder of the lien or payee of the note on the Debtor's vehicle) of $6,000.00.  The City lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding why the debtor did so.  The City denies that the Debtor is treating the balance of "its" claim as unsecured debt because neither CarMax Business Solutions (the entity identified in this adversary complaint) nor CarMax Auto Finance (the entity identified in the Debtor's current plan) has asserted a claim.

*22.    Debtor's Modified Chapter 13 Plan, dated April 9, 2018, provides for payment to Car Max [sic] of $6,000, in fixed monthly payments of $209.52.*  See *Doc 35*.

ANSWER:  To the extent "CarMax" refers to "CarMax Business Solutions," the City denies the allegations in paragraph 22.  The City admits that the Debtor's plan dated April 9, 2018, provides for payment to "CarMax Auto Finance" (an existing corporation, but not the holder of the lien or payee of the note on the Debtor's vehicle) of $6,000.00, in fixed monthly payments of $209.52.

5

## COUNT I

*23.     There is a dispute regarding the priority of CarMax's line and any City of Chicago lien in the vehicle.*

ANSWER:  The City admits the allegations in Paragraph 23.

*24.     Pursuant to Rule 7001(2), an adversary proceeding is the correct procedure to determine the validity and extent of liens.*

ANSWER:  The City admits the allegations in Paragraph 24.

*25.     The PMSI of CarMax has priority over the City of Chicago's lien.*

ANSWER:  The City denies the allegations in Paragraph 25.

*26.     Since CarMax's claim exceeds the value of the vehicle, the City has no secured interest in Debtor's vehicle.*

ANSWER:  The City denies the allegations in Paragraph 26.

## COUNT II (Violation of Automatic Stay)

*27.     This count is brought pursuant to 11 USC § 362.*

ANSWER:  The City admits the allegations in Paragraph 27.

*28.     Debtor's plan provides for monthly payments based on the value of the vehicle to the creditor she believes has the superior lien.*

ANSWER:  The City admits that the Debtor's current plan provides for monthly payments based on her asserted value of the vehicle.  The City lacks knowledge or information sufficient to form a belief about the actual value of the vehicle.  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the debtor's belief.

*29.     Even if the City's lien is superior to that of CarMax, the total amount Debtor needs to pay on account of the lien(s) on her vehicle will not change.*

ANSWER:  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

*30. Debtor works as a substitute teacher/day care provider and needs the vehicle to get to her temporary assignments.*

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

*31. Since the City seized the vehicle Debtor has been unable to accept any new work assignments.*

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

                Respectfully submitted,

                THE CITY OF CHICAGO

                Edward N. Siskel
                Corporation Counsel

Edward N. Siskel
Corporation Counsel         By:   /s/ Charles A. King
Charles A. King (ARDC 6216362)         Charles A. King
Assistant Corporation Counsel         Assistant Corporation Counsel
Chicago Department of Law
121 N. LaSalle St., Suite 400
Chicago, IL 60602
312-742-0019
chuck.king@cityofchicago.org